UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

EDWARD MINASKAR BEAMON,

        Plaintiff,

        Case No. 2:24-cv-68

v.

        Honorable Robert J. Jonker

DEREK MILLER,

        Defendant.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court will grant Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's official capacity claim against Defendant Miller on the basis of immunity and for failure to state a claim. Plaintiff's First Amendment retaliation claim against Defendant Miller in his individual capacity remains in the case.

**Discussion**

I. **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Kinross Correctional Facility (KCF) in Kincheloe, Chippewa County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Correctional Officer Derek Miller in his individual and official capacities.

Plaintiff alleges that, from December 2, 2020, to December 24, 2020, Defendant Miller retaliated against Plaintiff. (ECF No. 1, PageID.7–11.) Specifically, Plaintiff threatened to file a grievance against Defendant Miller on December 2, 2020. (*Id.*, PageID.8.) It appears from the allegations in Plaintiff's complaint that Plaintiff did, in fact, follow through. (*Id.*) Plaintiff was subsequently informed that Defendant Miller told another inmate that, because Plaintiff was filing grievances, Defendant Miller would "show [Plaintiff.]." (*Id.*)

On December 9, 2020, Defendant Miller denied Plaintiff the opportunity to sign up for exercise, phone, and other privileges, and removed Plaintiff's cookie from his lunch tray. (*Id.*) Defendant Miller told Plaintiff that he had taken Plaintiff's cookie as retaliation. (*Id.*, PageID.9.) Defendant Miller again denied Plaintiff privileges on December 12, 2020, telling Plaintiff, "On my rock, there is no negotiating with snitches and people who write grievances." (*Id.*) Plaintiff later received a false misconduct for interference with administrative rules. (*Id.*)

Defendant Miller denied Plaintiff J-pay, phone, and out of cell exercise privileges on December 16, 2020. (*Id.*) When Plaintiff tried to talk to him, Defendant Miller told Plaintiff that he does not "talk it out with tattle tellers!" (*Id.*)

On December 17, 2020, Defendant Miller instructed other officers not to give Plaintiff a Christmas/holiday bag because Plaintiff had been "tattle telling." (*Id.*, PageID.10.) Plaintiff was initially refused a bag before being given one by a non-party Sergeant and Lieutenant. (*Id.*)

Defendant Miller again denied Plaintiff privileges and a shower on December 22, 2020, telling Plaintiff, "Grievances writers and tattle tellers get nothing on my rock!" (*Id.*, PageID.10–11.) It appears that Plaintiff filed a second grievance against Defendant Miller. (*Id.*, PageID.11.)

Finally, on December 24, 2020, Plaintiff was denied a "secure pack" that he had previously ordered. (*Id.*) Plaintiff later learned that this was as a result of Defendant Miller's actions. (*Id.*)

Plaintiff brings claims against Defendant Miller for First Amendment retaliation, and seeks compensatory and punitive damages, and injunctive and declaratory relief. (*Id.*, PageID.12–17.)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71

(6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    Official Capacity Claim

Plaintiff sues Defendant Miller in his official and individual capacities. A suit against an individual in his or her official capacity is equivalent to a suit against the governmental entity; in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the United States Court of Appeals for the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See, e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir.

4

2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010).

Here, Plaintiff seeks monetary damages, as well as injunctive and declaratory relief. An official capacity defendant is absolutely immune from monetary damages. *See Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998). The Court will, therefore, dismiss Plaintiff's claims for monetary damages against Defendant Miller in his official capacity.

Although damages claims against official capacity defendants are properly dismissed, an official capacity action seeking injunctive or declaratory relief may constitute an exception to sovereign immunity. *See Ex Parte Young*, 209 U.S. 123, 159–60 (1908) (holding that the Eleventh Amendment immunity does not bar prospective injunctive relief against a state official). The United States Supreme Court has determined that a suit under *Ex Parte Young* for prospective injunctive or declaratory relief should not be treated as an action against the state. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). Instead, the doctrine is a fiction recognizing that unconstitutional acts cannot have been authorized by the state and therefore cannot be considered done under the state's authority. *Id.*

Nonetheless, the Supreme Court has cautioned that "*Ex parte Young* can only be used to avoid a state's sovereign immunity when a 'complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Ladd v. Marchbanks*, 971 F.3d 574, 581 (6th Cir. 2020) (quoting *Verizon Md. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). Past exposure to an isolated incident of illegal conduct does not, by itself, sufficiently prove that the plaintiff will be subjected to the illegal conduct again. *See, e.g.*, *Los Angeles v. Lyons*, 461 U.S.

95 (1983) (addressing injunctive relief); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (addressing declaratory relief).

Here, Plaintiff does not allege any ongoing violation of federal law. He claims that Defendant Miller retaliated against him in violation of his First Amendment rights from December 2, 2020, to December 24, 2020; Plaintiff does not describe any retaliatory actions by Defendant Miller after December 24, 2020. Over three years have passed. [1] Because Plaintiff does not allege any ongoing violation of federal law, Plaintiff's official capacity claim for injunctive and declaratory relief will also be dismissed.

**B.     Individual Capacity Claim**

Plaintiff also brings a claim against Defendant Miller in his individual capacity for violation of Plaintiff's First Amendment right to be free from unlawful retaliation. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least

---

[1] Plaintiff alleges that Defendant Miller's acts of retaliation ceased on December 24, 2020. 42 U.S.C. § 1988 "requires courts to borrow and apply to all § 1983 claims the one most analogous state statute of limitations." *Owens v. Okure*, 488 U.S. 235, 240 (1989) (citation omitted). In Michigan, "the period of limitations is 3 years after the time of the death or injury for all actions to recover damages for the death of a person or for injury to a person or property." Mich. Comp. Laws § 600.5805(2). "[T]he claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results." Mich. Comp. Laws § 600.5827. However, "[t]he statute of limitations for claims subject to the PLRA is tolled while the plaintiff exhausts his required administrative remedies." *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012) (citing *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000)). Because the circumstances surrounding exhaustion are not clear from the face of the complaint, the Court will not address the timeliness of Plaintiff's claims on screening.

in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to show that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Taking Plaintiff's allegations as true, as is required at this stage, the Court will allow Plaintiff to proceed with his First Amendment retaliation claim against Defendant Miller, individually.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's official capacity claims against Defendant Miller will be dismissed on the basis of immunity and for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's First Amendment retaliation claim against Defendant Miller in his individual capacity remains in the case.

An order consistent with this opinion will be entered.

Dated:     June 4, 2024                                       /s/ Robert J. Jonker
                                                              Robert J. Jonker
                                                              United States District Judge